UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN MATSEY, #236265,

          Petitioner,                          Case No. 14-cv-14082
                                                     Hon. Matthew F. Leitman
v.

LINDA TRIBLEY,

          Respondent.
_____/

## ORDER STAYING PROCEEDINGS
## AND ADMINISTRATIVELY CLOSING CASE

### I.      Introduction

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Melvin Matsey ("Petitioner") was convicted of four counts of breaking and entering a building with intent to commit a larceny, Mich. Comp. Laws § 750.110, following a jury trial in the Oakland County Circuit Court and was sentenced, as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of 5 to 40 years imprisonment in 2012. Petitioner's pending habeas petition contains claims concerning the effectiveness of appellate counsel, the admission of other acts evidence, the consolidation of the cases, and the sufficiency of the evidence. Respondent has filed an answer to the petition asserting that the first and fourth

claims are unexhausted and that all of the claims lack merit. Petitioner has filed a reply to that answer.

Having reviewed the matter, the Court finds that Petitioner has not properly exhausted his first and fourth habeas claims in the state courts and that he must do so before pursuing those claims on federal habeas review. Accordingly, the Court shall stay the proceedings to allow Petitioner to return to the state courts to fully exhaust all of his habeas claims.

## II. Discussion

It is well-settled that a state prisoner filing a habeas petition under 28 U.S.C. §2254 must exhaust available state court remedies as to all of his claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must present each issue to the Michigan Court

of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.
*Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp.
2d 992, 998 (E.D. Mich. 1999). While the exhaustion requirement is not
jurisdictional, a "strong presumption" exists that a petitioner must exhaust all
available state remedies before seeking federal habeas review. *Granberry v. Greer*,
481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove
exhaustion. *Rust*, 17 F.3d at 160.

In this case, the record reflects that Petitioner has not exhausted his claims
concerning the effectiveness of appellate counsel and the sufficiency of the evidence
in the state courts. While Petitioner raised those claims before the Michigan
Supreme Court on direct appeal of his convictions, he did not present them to the
Michigan Court of Appeals. The presentation of those claims to the Michigan
Supreme Court on discretionary review without first presenting them to the
Michigan Court of Appeals does not satisfy the exhaustion requirement. *See
Castille v. Peoples*, 489 U.S. 346, 349 (1989). Petitioner has thus failed to properly
exhaust all of his claims in the state courts before proceeding on federal habeas
review.

A federal district court has discretion to stay a habeas proceeding to allow a
petitioner to present unexhausted claims to the state courts and then return to federal
court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay

and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

The Court finds that a stay is warranted in this case. First, the one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2244(d), could pose a concern if the Court were to dismiss this action, albeit without prejudice, while Petitioner pursues the two unexhausted claims in the state courts. Second, while Petitioner does not allege cause for his failure to properly exhaust his claims in the state courts, he may be able to do so on collateral review if given the opportunity. Third, the unexhausted claims do not appear to be plainly meritless. Fourth, there is no evidence of intentional delay. Lastly, the Court notes that the parties have already submitted pleadings and the state court record – and the Court has conducted a preliminary review of those materials. Given such circumstances, a stay of the proceedings, rather than a dismissal of the case, is unwarranted.

## III.  Conclusion

Accordingly, for the reasons stated, the Court **STAYS** the proceedings and holds the habeas petition in abeyance pending Petitioner's exhaustion of state court remedies as to his two unexhausted claims. The stay is conditioned on Petitioner

presenting the unexhausted claims to the state courts within **60 days** of the filing date of this order by filing a motion for relief from judgment with the Oakland County Circuit Court and then pursuing the claims in the Michigan appellate courts as necessary. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend the habeas petition, using the same caption and case number, within **60 days** of fully exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Failure to comply with these conditions, may result in dismissal of the case. Additionally, this case is **CLOSED** for administrative purposes pending compliance with these conditions.

Lastly, should Petitioner wishes to forego the two unexhausted claims and to proceed only on the two exhausted claims, he may move to reopen this case to proceed on an amended petition containing only the two exhausted claims within **30 days** of the filing date of this order.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 13, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 13, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113