UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN MATSEY, #236265,

        Petitioner,         Case No. 14-cv-14082
                                        Hon. Matthew F. Leitman
v.

LINDA TRIBLEY,

        Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR A WRIT OF HABEAS CORPUS (ECF #1), (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I**

Petitioner Melvin Matsey is a state prisoner in the custody of the Michigan Department of Corrections. In 2012, a jury in the Oakland County Circuit Court convicted Matsey of four counts of breaking and entering a building with intent to commit a larceny, Mich. Comp. Laws § 750.110. The state court sentenced Matsey as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of 5 to 40 years imprisonment. On October 31, 2014, Matsey filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* ECF #1.) He then amended the Petition. (*See* ECF #18.) The Petition, as amended, raises claims related to the admission of other acts evidence at Matsey's trial and the consolidation

1

for trial of the four separate breaking-and-entering charges brought against him. For the reasons set forth below, the Court **DENIES** the Petition. The Court also **DENIES** Matsey a certificate of appealability and **DENIES** him leave to proceed *in forma pauperis* on appeal.

**II**

Matsey's convictions arise from four breaking-and-entering incidents in Oakland County, Michigan in 2010 and 2011. The Michigan Court of Appeals described the relevant facts as follows:

> Defendant was charged in four separate informations with breaking and entering a building with intent to commit a larceny, MCL 750.110, for crimes that occurred on June 15, 2007, in Farmington Hills, on August 8, 2010, in Madison Heights, on April 16, 2011, in Novi, and on June 20, 2011, in Southfield. The prosecution moved to consolidate the cases for trial, MCR 6.120, alleging that defendant was involved in a series of acts constituting parts of a single scheme or plan. Defendant opposed the motion for consolidation, alleging that his conduct did not fall within the scope of the court rule and one trial would deprive him of due process of law. In a written order, the trial court granted the motion for the reasons indicated on the record. Additionally, the prosecution sought to admit MRE 404(b) evidence, specifically defendant's prior convictions involving breaking and entering and the concurrent charged offenses. The prosecution argued that the evidence was relevant and the probative value was not substantially outweighed by unfair prejudice. Again, the defense opposed this motion, contending that the evidence was irrelevant and prejudicial. In a written order, the trial court granted the motion for the reasons stated on the record.

2

> At trial, it was established that alarm systems for four businesses were triggered after work hours. When the police and the business owners arrived on the scene, a large rock or concrete object was found thrown through a glass window or door. Laptop computers were stolen from three of the four businesses. Blood was discovered at all four locations, and the blood matched a DNA sample provided by defendant. Defendant's independent expert concluded that defendant was the donor of the blood found at the crime scenes. Additionally, at trial, the parties stipulated to admit six prior convictions for breaking and entering or attempted breaking and entering. The jury was advised that the convictions were presented for the limited purpose of demonstrating that the events did not occur by accident or mistake, but represented a planned system or characteristic scheme.
>
> Defendant testified that he did not break and enter into the four businesses. Rather, at the Madison Heights business, he entered the building during business hours after he cut himself changing a tire. Additionally, defendant acted as a "middle man" for his friends who stole items. He denied breaking and entering into the Novi and Southfield locations, but alleged that he entered those premises after his friends had broken in earlier. Defendant testified that he believed that he previously pleaded guilty to the Farmington Hills charge that occurred in 2007, while he was in prison. Defendant admitted that he committed his prior convicted offenses, but with regard to the current crimes, he denied responsibility. Despite this testimony, defendant was convicted as charged.

*People v. Matsey*, 2014 WL 1510153, at *1 (Mich. Ct. App. April 15, 2014).

Following his convictions and sentencing, Matsey filed an appeal of right with the Michigan Court of Appeals in which he asserted that the trial court erred when it admitted the other acts evidence and when it consolidated his four separate

3

breaking-and-entering charges into one trial. The state appellate court denied relief on those claims and affirmed his convictions and sentences. *Id*. at \*\* 2-5. Matsey then filed an application for leave to appeal with the Michigan Supreme Court raising the same two claims that he raised in the Court of Appeals, as well as claims that his appellate counsel was ineffective and that the prosecution failed to present sufficient evidence to support his convictions. The Michigan Supreme Court denied leave to appeal in a standard order. *See People v. Matsey*, 853 N.W.2d 357 (Mich. 2014).

Matsey thereafter filed a federal habeas petition in this Court. (*See* ECF #1.) In that Petition, Matsey raised four claims concerning: (1) the effectiveness of his appellate counsel, (2) the admission of other acts evidence at his trial, (3) the consolidation of his four breaking-and-entering charges, and (4) the sufficiency of the evidence. (*See id.*) Respondent filed an answer to the Petition in which she argued that the Court should dismiss the Petition because Matsey's first and fourth claims were not properly exhausted in the state courts and/or that all of his claims lack merit. (*See* ECF #8.) The Court reviewed the Petition and Respondent's answer and determined that the first and fourth claims of the Petition were unexhausted. Instead of dismissing the Petition at that time, the Court entered a written order that stayed and administratively closed this action so that Matsey could return to the state courts and fully exhaust his claims. (*See* ECF #16.) On May 4, 2017, Matsey moved to re-open this action and to proceed only on the two properly exhausted claims (*i.e.*

his claims related to the admission of other acts evidence and the consolidation of the four breaking-and-entering charges). (*See* ECF #17.) The Court granted that motion on June 19, 2017, and re-opened this action for review of Matsey's two unexhausted claims. (*See* ECF #18.)

# III

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Id.* at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997)).

A state court's factual findings are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV

## A

Matsey first asserts that he is entitled to federal habeas relief because the state trial court erred when it admitted evidence of his prior break-ins. (*See* ECF #1 at Pg. ID 4.) The Michigan Court of Appeals considered this claim on Matsey's direct appeal and rejected it:

> Next, defendant asserts that the trial court abused its discretion by admitting the MRE 404(b) evidence. We disagree. "The decision to admit evidence is reviewed for an abuse of discretion. When the decision regarding the admission of evidence involves a preliminary question of law, such as whether a statute or rule of evidence precludes admissibility of the evidence, the issue is reviewed de novo." *People v. Washington*, 468 Mich. 667, 670–671; 664 NW2d 203 (2003). In Williams, 483 Mich. at 243, our Supreme Court held that any error in consolidation would be harmless because the evidence of each charged offense could have been introduced pursuant to MRE 404(b). Indeed, "evidence of similar misconduct is logically relevant to show that the charged act occurred where the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system." *People v. Sabin* (After Remand), 463 Mich. 43, 63; 614 NW2d 888 (2000). To establish a common scheme or plan, the common features should indicate the existence of a plan rather than a series of similar spontaneous acts. *Id*. at 65–66.
>
> On this record, we cannot conclude that the trial court abused its discretion by admitting the MRE 404(b) evidence. *Williams*, 483 Mich. at 243. The stipulation delineating defendant's prior convictions indicated a history of breaking into businesses after hours in an

7

> attempt to steal portable electronic equipment, including laptop computers. The entry would be obtained by breaking a window or glass door with a large rock or concrete object. *Sabin*, 463 Mich. at 63, 65–66.

*Matsey*, 2014 WL 1510153, at ** 4-5.

To the extent that Matsey's challenge to the admission of this "other acts" evidence rests solely upon errors of state law, it is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993) ("[H]abeas relief cannot be granted simply on the basis of a perceived error of state law") (internal quotation marks omitted).

To the extent this claim rests upon an alleged violation of Matsey's due process rights, he has not shown that the state appellate court's decision was contrary to, or an unreasonable application of, clearly established federal law. Indeed, Matsey has not cited a single United States Supreme Court decision in which that court held that the admission of "other acts" evidence violated the Defendants' due process rights. Nor has Matsey shown that the admission of the "other acts" evidence here rendered his trial fundamentally unfair. The other acts evidence was relevant and admissible on the issue of identity and common plan or scheme. In addition, the risk of unfair prejudice was mitigated by the fact that the trial court instructed the jury on the proper consideration of the evidence. (*See* 11/8/12 Trial Tr. at 55, 62, ECF

#9-19 at Pg. ID 452, 455.) Matsey is therefore not entitled to habeas relief on this claim.

**B**

In Matsey's second claim, he asserts that he is entitled to federal habeas relief because the trial court erred when it consolidated his four separate breaking-and-entering charges into a single case for trial. The Michigan Court of Appeals considered this claim on Matsey's direct appeal and rejected it:

> In *People v. Williams*, 483 Mich. 226, 231; 769 NW2d 605 (2009), our Supreme Court delineated the following standard of review for addressing MCR 6.120, the separate trial or joinder rule:
>
>> Generally, this Court reviews questions of law de novo and factual findings for clear error. The interpretation of a court rule, like matters of statutory interpretation, is a question of law that we review de novo. To determine whether joinder is permissible, a trial court must first find the relevant facts and then must decide whether those facts constitute "related" offenses for which joinder is appropriate. Because this case presents a mixed question of fact and law, it is subject to both a clear error and a de novo standard of review.
>>
>> Additionally, when this Court reviews preserved nonconstitutional errors, we consider the nature of the error and assess its effect in light of the weight and strength of the untainted evidence. [*Id.* (internal citations omitted).]
>
> The ultimate ruling on a motion to sever is reviewed for an abuse of discretion. *Williams,* 483 Mich. at 226 n6.

MCR 6.120 governs joinder and provides, in relevant part:

> (A) Charging Joinder. The prosecuting attorney may file an information or indictment that charges a single defendant with any two or more offenses. Each offense must be stated in a separate count. Two or more informations or indictments against a single defendant may be consolidated for a single trial.
>
> (B) Postcharging Permissive Joinder or Severance. On its own initiative, the motion of a party, or the stipulation of all parties, except as provided in subrule (C), the court may join offenses charged in two or more informations or indictments against a single defendant, or sever offenses charged in a single information or indictment against a single defendant, when appropriate to promote fairness to the parties and a fair determination of the defendant's guilt or innocence of each offense.
>
>> (1) Joinder is appropriate if the offenses are related. For purposes of this rule, offenses are related if they are based on
>>
>> (a) the same conduct or transaction, or
>>
>> (b) a series of connected acts, or
>>
>> (c) a series of acts constituting parts of a single scheme or plan.
>>
>> (2) Other relevant factors include the timeliness of the motion, the drain on the parties' resources, the potential for confusion or prejudice stemming from either the number of charges or the complexity or nature of the evidence, the potential for harassment, the convenience of witnesses, and the parties' readiness for trial.

In *Williams*, 483 Mich. at 228–229, a search warrant was executed at a motel on November 4, 2004. When the police forced entry, the defendant was walking out of the bathroom where crack cocaine was found caught in the drain and in the toilet. Cocaine, a scale, razor blades, baggies, guns, ammunition, and cash were found in the room. On February 2, 2005, the defendant was observed walking into a home. The police executed a search warrant there and found the defendant reaching toward a bag containing suspected cocaine. Similar drug paraphernalia located in the motel room was also found in proximity to the defendant at this home, including guns, cash, baggies, and drugs. *Id*. The prosecutor moved to consolidate the cases pursuant to MCR 6.120 or alternatively to admit the evidence in the other trial pursuant to MRE 404(b). *Id*. at 229–230. The trial court granted the motion, holding that the offenses were related because the acts involved appeared to be "parts of a single scheme or plan; namely drug trafficking and therefore they would appear to be related offenses." The trial court also concluded that the evidence would be admissible MRE 404(b) evidence that would present a greater risk of prejudice. The Court of Appeals affirmed the trial court's ruling that the offenses were related. *Id*. at 230–231.

Our Supreme Court also affirmed, holding that a prior decision, *People v. Tobey*, 401 Mich. 141; 257 NW2d 537 (1977), was inconsistent with MCR 6.120. The Court held:

In this case, the record reflects that the trial court correctly applied the plain language of MCR 6.120 to the facts presented when it concluded that the offenses charged were "related." After hearing arguments from the parties, the trial court specifically addressed the language of MCR 6.120(A) and (B). The court concluded that the offenses charged in both cases reflect defendant's "single scheme or plan" of drug trafficking. MCR 6.120(B)(2). Consequently, defendant had no right to sever these "related" offenses. MCR 6.120(B). The trial court noted

11

that in light of the relevant facts, a single jury trial was appropriate and, further, the court stated that it would "be cautioning the jury that they need to find that both events have to meet the standard of proof beyond a reasonable doubt."

We conclude that the trial court did not violate the unambiguous language of MCR 6.120. The offenses charged were plainly "related" under MCR 6.120(B)(2). In both cases, defendant was engaged in a scheme to break down cocaine and package it for distribution. Evidence of acts constituting part of defendant's single scheme was found in both the motel room and the house at 510 Nevada. Even if one views defendant's first arrest in November and his second arrest in February in discrete moments in time, direct evidence indicated that he as engaging in the same particular conduct on those dates. The charges stemming from both arrests were not "related" simply because they were "of the same or similar character." Instead, the offenses charged were related because the evidence indicated that defendant engaged in ongoing acts constituting parts of his overall scheme or plan to package cocaine for distribution. Accordingly, the trial court complied with what the language of MCR 6.120 unambiguously required. [*Id*. at 233–235.]

The *Williams* Court further rejected the assertion that the offenses had to be in temporal proximity to warrant consolidation. *Id*. at 241 ("Moreover the unambiguous language of MCR 6.120 does not mandate the existence of temporal proximity between several offenses."). Additionally, our Supreme Court held that even if the trial court erred in joining the cases, any error would be harmless because "the evidence of each charged offense could have been introduced in the other trial under MRE 404(b)." *Id*. at 243.

Applying the *Williams* decision and the court rule to the facts of this case, the trial court did not err by allowing the consolidation of the cases. We reject defendant's

> contention that the similarities in the manner of the breaking and entering and the objects taken do not show a common plan. Offenses are related if based on the "same conduct or transaction," or "a series of connected acts," or "a series of acts constituting parts of a single scheme or plan." MCR 6.120(B)(1)(a-c). Here, defendant's crimes were premised on the same conduct or a series of acts constituting parts of a single scheme or plan. Defendant engaged in a scheme to steal portable electronic equipment from closed businesses. That is, on the weekends when businesses were not occupied, defendant would use a large concrete object to smash windows or glass doors to gain entry into the business premises, grab portable electronic equipment such as laptop computers, and flee the premises before police or the business owners could arrive at the establishments. In the course of committing these acts, defendant would injure himself and leave DNA evidence. The experts for both the prosecution and the defense concluded that defendant was the donor of the DNA evidence left at the scene of the crimes. In light of the above, the trial court did not err by allowing the consolidation. This issue does not entitle defendant to appellate relief.

*Matsey*, 2014 WL 1510153, at \*\* 2-4.

As with Matsey's first claim for relief, to the extent Matsey's challenge to the consolidation of the four charges against him rests solely upon errors of state law, it is not cognizable on federal habeas review. *See Estelle*, *Serra*, *supra*.

To the extent this claim rests upon an alleged violation of Matsey's due process rights, he has not shown that the state appellate court's decision was contrary to, or an unreasonable application of, clearly established federal law. Indeed, Matsey has not identified any Supreme Court decision in which that court held that the

consolidation of multiple criminal charges against a defendant, alone, violated the Defendant's due process rights. And while Matsey does cite *United States v. Lane*, 474 U.S. 438, 446 n. 8 (1986), in that case, the Supreme Court said that "[i]mproper joinder does not, in itself, violate the Constitution. Rather, misjoinder [constitutes] a constitutional violation only if it results in prejudice so great as to deny a defendant his...right to a fair trial."

Matsey's conclusory allegations fail to establish the required prejudice. The four breaking-and-entering incidents and charges were sufficiently related so as to be part of a common scheme or plan, and consolidating the cases was an efficient use of judicial resources. Furthermore, any potential prejudice to Matsey was mitigated by the fact that the trial court instructed the jury about the proper consideration of the multiple charges and the evidence presented at trial. (*See* 11/8/12 Trial Tr. at 54-55, 58-59, 64-68, ECF #9-19 at Pg. ID 451-54, 456-58.) Matsey is therefore not entitled to habeas relief on this claim.

V

For the reasons stated above, the Court concludes that Matsey's claims lack merit and that he is not entitled to federal habeas relief. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the Petition (as amended).

Before Matsey may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court has conducted the required review and it concludes that Matsey has failed to demonstrate that jurists could conclude the issues presented here are adequate to deserve encouragement to proceed further. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 6, 2017

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 6, 2017, by electronic means and/or ordinary mail.

                                                        <u>s/Holly A. Monda</u>
                                                        Case Manager
                                                        (810) 341-9764